1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FEDERICO CUADRAS, JR.,

11              Petitioner,                    No. CIV S-07-0222 LKK GGH P

12        vs.

13   M.S. EVANS, Warden,

14              Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16   Introduction

17              Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28

18   U.S.C. § 2254.  Petitioner was convicted in Sutter County, on November 18, 2003, of being in

19   possession of a sawed-off shotgun, evading a peace officer, and being a felon in possession of a

20   firearm; various sentencing enhancements were found true.  Petition, p. 7; Motion to Dismiss

21   (MTD), pp. 1-2, Respondent's Lodged Documents (Docs.) 1-2.  Petitioner was sentenced to a

22   state prison term of ten years and eight months.  Id.  Subsequently, the California Court of

23   Appeal stayed petitioner's sixteen-month sentence for being a felon in possession of a firearm,

24   directing the trial court to file an amended abstract of judgment, and otherwise affirming the

25   judgment; on August 24, 2004, the trial court issued an amended abstract of judgment which

26   amended petitioner's prison sentence to a nine-year, four-month term.  MTD, p. 2, Lodged Docs.

1

1  2-3.

2         Petitioner challenges his conviction on the following grounds: 1) insufficient

3  evidence; 2) ineffective assistance of counsel in violation of the Sixth Amendment.  Petition, pp.

4  11-12.  As to a third ground, it is confusingly framed as an ineffective assistance of counsel claim

5  under the Fifth and Thirty-Sixth (sic) Amendments.  Id., at 12.  As to third ground, it may be that

6  petitioner seeks to make a claim of a violation of his constitutional right to due process.

7  <u>Motion to Dismiss</u>

8         Respondent moves for dismissal on two grounds: 1) that the petition has been

9  filed beyond the AEDPA statute of limitations; and 2) that petitioner has failed to exhaust his

10  state court remedies.  As the court, after full consideration and analysis, concludes that

11  petitioner's petition is time-barred, it is unnecessary to reach respondent's second, or alternative,

12  ground.

13         The statute of limitations for federal habeas corpus petitions is set forth in 28

14  U.S.C. § 2244(d)(1):

15      A 1-year period of limitation shall apply to an application for a writ
16  of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

17      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such
18  review;

19      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of
20  the United States is removed, if the applicant was prevented from filing by such State action;

21      (C) the date on which the constitutional right asserted was initially
22  recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively
23  applicable to cases on collateral review; or

24      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due
25  diligence.

26  \\\\\

2

1       Under 28 U.S.C. § 2244(d)(2):

2       The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
3       judgment or claim is pending shall not be counted toward any
period of limitation under this subsection.

4

5       Following the issuance of the state court appellate opinion, noted above, requiring

6 the trial court to issue an amended abstract of judgment staying a portion of the sentence,

7 petitioner did not seek review in the state supreme court.  MTD, p. 2.  After the amended abstract

8 of judgment in compliance with the state appellate court opinion issued, on August 24, 2004,

9 petitioner did not appeal.  Id.  Therefore, petitioner's conviction became final for purposes of

10 2244(d)(1)(A), when the time for filing an appeal of the amended judgment expired, on October

11 23, 2004, sixty days later.  Cal. Rule of Court 31(d);[1] Lewis v. Mitchell, 173 F.Supp.2d 1057,

12 1060 (C.D.Cal. 2001).  As respondent observes (MTD, p. 3), the AEDPA statute began to run the

13 following day, on October 24, 2004.  Patterson v. Stuart, 251 F.3d 1243, 1246 (9th Cir. 2001).

14 Therefore, absent any applicable tolling, petitioner had until October 23, 2005, to file a timely

15 federal petition.

16       Petitioner's first petition for writ of habeas corpus in the state superior court is

17 file-stamped December 5, 2005, and was denied on December 16, 2005.  Lodged Docs. 4-5.  His

18 petition to the Third District Court of Appeal was filed on January 12, 2006, and was denied on

19 January 12, 2006.  Lodged Docs. 6-7.  His habeas petition to the state supreme court, evidently

20 filed on February 24, 2006, was denied on October 11, 2006.  Lodged Docs. 8-9.

21       Notwithstanding the application of the mailbox rule to the filing of the initial state

22 court habeas petition, rendering the petition filed as of November 27, 2005, which the petition is

23 dated as having been signed (and which respondent recognizes as appropriate - MTD, p. 4 n.4 -,

24 pursuant to, inter alia, Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385 (1988);

25

26     [1] Rule 31 has since been renumbered.  The time for filing a notice of a criminal appeal in
state court is currently set forth under Rule 8.308(a).

1  Saffold v. Newland, 250 F.3d 1262, 1268-69 (9th Cir. 2000), overruled on other grounds by Carey

2  v. Saffold, 536 U.S. 214, 226, 122 S. Ct. 2134 (2002); Jenkins v. Johnson, 330 F.3d 1146, 1149

3  n.2 (9th Cir. 2003)), the instant petition cannot be found to have been timely filed.  Section

4  2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitation period once

5  it has run (i.e., restart the clock to zero).  Thus, a state court habeas petition filed beyond the

6  expiration of AEDPA's statute of limitations does not toll the limitation period under §

7  2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276

8  F.3d 478, 482 (9th Cir.2001).

9          Therefore, petitioner's filing herein is untimely because the AEDPA statute of

10  limitations had already run on October 23, 2005, more than a month before petitioner filed his

11  first state court habeas petition, on November 27, 2005.  Petitioner filed his federal habeas

12  petition, by application of the mailbox rule, on December 14, 2006.[2]  Unless petitioner can show

13  entitlement to equitable tolling, he is time-barred by more than one year from pursuing this

14  action.

15  Equitable Tolling

16          "Generally, a litigant seeking equitable tolling bears the burden of establishing

17  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

18  circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814;

19  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of

20  proving that equitable tolling should apply to avoid dismissal of an untimely petition).

21  "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*

22  circumstances beyond a prisoner's control make it impossible to file a petition on time."

23  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A

24  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest

25  ──────────────

26          [2] This case was transferred from the Northern District and was filed in this court on
February 2, 2007.

1    the exceptions swallow the rule." Id.

2        In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997),

3    overruled on other grounds, Calderon v. U.S. District Court for Cent. Dist. of CA. (Kelly), 163

4    F.3d 530 (9th Cir. 1998) (en banc), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123

5    S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably

6    tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the

7    petition on time.  "In addition, '[w]hen external forces, rather than a petitioner's lack of

8    diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'"

9    Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107

10   (9th Cir. 1999).

11       Equitable tolling will not be available in most cases because tolling should only

12   be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him

13   to file a petition on time.  Beeler, 128 F.3d at 1288-89.  As held in Beeler,  "[w]e have no doubt

14   that district judges will take seriously Congress's desire to accelerate the federal habeas process,

15   and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289.

16   "Mere excusable neglect" is insufficient as an extraordinary circumstance.  Miller v. New Jersey

17   Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998).  Moreover, ignorance of the law does

18   not constitute such extraordinary circumstances.  See Hughes v. Idaho State Bd. of Corrections,

19   800 F.2d 905, 909 (9th Cir. 1986).

20       In the Calderon (Beeler) case, the Court of Appeals held that the district court

21   properly found equitable tolling to allow Beeler more time to file his petition.  Beeler's lead

22   counsel withdrew after accepting employment in another state, and much of the work he left

23   behind was not usable by replacement counsel – a turn of events over which the court found

24   Beeler had no control.  The Court of Appeals held that the district court properly found these

25   \\\\\

26   \\\\\

1    were "extraordinary circumstances" sufficient to toll the statute of limitations.[3]  The Ninth

2    Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. (Kelly), supra, 163

3    F.3d 530.  The three reasons given which independently justified tolling were: a district court

4    stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency

5    until a reasonable time after the court makes a competency determination, and the fact that

6    petitioner did at one time have timely habeas proceedings pending which were mistakenly

7    dismissed, not as a result of any doing by petitioner.  Id. at 541-42.  See also Corjasso v. Ayers,

8    278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling);

9    Miles v. Prunty, 187 F.3d at 1107 (delay by prison in withdrawing funds from prisoner's trust

10   account, preparing and mailing filing fee were circumstances beyond his control, qualifying him

11   for equitable tolling).

12          Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11(C.D. Cal. 1997),

13   the court found that a petitioner's circumstances were not extraordinary in the following

14   circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns

15   preventing the prisoner's access to the library and a typewriter which were necessary to his

16   motion.  See also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on

17   incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default);

18   Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll

19   statute); Eisermann v. Penarosa, 33 F.Supp.2d 1269, 1273 (D.Haw. 1999) (lack of legal expertise

20   does not qualify prisoner for equitable tolling); Henderson v. Johnson, 1 F.Supp.2d 650, 656

21   (N.D. Tex. 1998) (same); Fadayiro v. United States, 30 F.Supp.2d 772, 779-80 (D.N.J. 1998)

22   (delay in receipt of transcripts does not justify equitable tolling).

23   \\\\\

24

25          [3]  See also Baskin v. United States, 998 F. Supp. 188 (D. Conn. 1998), wherein the court
     applied equitable tolling where petitioner's attorney failed to notify him of the denial of a petition
26   for certiorari until thirteen months after the denial was entered.

1          In his opposition, petitioner does not put forth any substantive argument for either

2    statutory tolling or for his entitlement to equitable tolling.  He mischaracterizes respondent's

3    motion to dismiss as a "decision" by the Attorney General.  See Opposition (Opp.), p. 1.  He

4    attaches as exhibits copies of the December 16, 2005, order denying his petition for writ of

5    habeas corpus to the state superior court, as well as a copy of a certificate of service of the order,

6    also dated December 16, 2005.  Opp., pp. 5-7.  Additional exhibits include documentation

7    showing when petitioner filed his state court of appeal habeas petition, as well as copies of his

8    state appellate court and state supreme court habeas petition denials.  Opp., pp. 8-10.   These

9    documents and their filing dates are not in dispute.  Petitioner, therefore, fails to set forth any

10   cogent basis for the court to find that equitable tolling could be appropriate in this case.  The

11   court will recommend granting the motion to dismiss on the ground that the petition is untimely,

12   and, as noted earlier, therefore need not reach the question of exhaustion.

13         Accordingly, IT IS HEREBY RECOMMENDED that respondent's April 20,

14   2007, motion to dismiss be granted on the ground that the instant petition is barred by the

15   AEDPA statute of limitations.

16         These findings and recommendations are submitted to the United States District

17   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

18   days after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21   shall be served and filed within ten days after service of the objections.  The parties are advised

22   that failure to file objections within the specified time may waive the right to appeal the District

23   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24   DATED: 12/26/07                                    /s/ Gregory G. Hollows

25                                                            _____

                                                              UNITED STATES MAGISTRATE JUDGE

26   GGH:009 - cuad0222.mtd